UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61917-BLOOM/Valle

MARIE SUZIE FORTUNE,

    Plaintiff,

v.

WILMINGTON SAVING FUND FSB DOING
BUSINESS AS CHRISTINA TRUST NOT IN
ITS INDIVIDUAL CAPACITY BUT SOLELY
AS LEGAL TITLE TRUSTEE FOR BRONZE
CREEK TITLE TRUST 2013-NPL1, RUSHMORE
LOANS MANAGEMENT SERVICES LLC,
SELENE FINANCE, U.S. DEPARTMENT OF
HOUSING AND DEVELOPMENT, GCTA
2013-NPL1 DEPOSITOR LLC, NATION STAR
MORTGAGE LLC, BANK OF AMERICA N.A.,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEM INC., FIRST FLORIDA FUNDING CORP,
BROWARD TITLE COMP, KASS SCHULER P.A.,
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.,
BROWARD COUNTY SHERIFF DEPT.,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On August 16, 2018, Plaintiff filed a Verified Complaint for Wrongful Foreclosure Damages, and for Declaratory Relief, ECF No. [1] ("Complaint"). Plaintiff also filed an Emergency Motion for Temporary Restraining Order or Preliminary Injunction, ECF No. [3], which the Court denied on August 17, 2018. Order, ECF No. [5]. In its Order, the Court noted that in the Complaint, Plaintiff attempts to impermissibly attack the state court's final judgment in an attempt re-litigate the foreclosure action in federal court. *Id.* Indeed, the Complaint in this case is virtually

identical to the complaint in a previous case filed by Plaintiff (Case No. 18-cv-60207 (the "First Case")) before the undersigned. In the First Case, Plaintiff asserted the same claims against the same Defendants based upon the same operative facts. In the First Case, the Court determined that it lacked subject matter jurisdiction, and dismissed the complaint. Rather than request to amend the complaint in the First Case, Plaintiff filed the instant case and Complaint.

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id.* (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410. "A district Court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *See Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (internal quotations and citation omitted). Jurisdiction in this case, as in the First Case, is lacking under all three grounds. Accordingly, the Court must dismiss the Complaint.

According to the Complaint, Plaintiff has lived at 16316 SW 26th Street, Miramar, Florida 33027 since April 30, 2010 after she purchased the property by way of a warranty deed. ECF No. [1] ¶ 27. At the time of purchase, Plaintiff also took out a $250,000 mortgage. *Id.* ¶ 28. Plaintiff alleges that the terms of the loan were misrepresented to her and/or that she did not understand its terms. *Id.* ¶¶ 29-30. On May 31, 2013, Defendant Nationstar Mortgage brought foreclosure proceedings brought against Plaintiff—which she claims were based on fraudulent documentation. *Id.* ¶ 56. Those proceedings resulted in a foreclosure sale on March 15, 2017 that was later vacated. *Id.* ¶¶ 75-79. On December 27, 2017 the foreclosure sale was rescheduled for January 31, 2018. *Id.* ¶ 80. The Complaint is silent as to the outcome of those proceedings; however, based upon Plaintiff's claims, which the Court discusses briefly below, a final judgment of foreclosure was presumably entered against Plaintiff.

In the Complaint, Plaintiff alleges federal question jurisdiction (ECF No. [1] ¶ 5), diversity jurisdiction (*id.* ¶ 6), and "in rem jurisdiction" based on the Florida Statutes (*id.* ¶¶ 7, 151-54). Nevertheless, jurisdiction is lacking in this case.

First, the cited sections of the Florida Statutes do not confer jurisdiction on this *federal* court. *See* Fla. Stat. §§ 26.012, 65.021. Accordingly, the Court does not have subject matter jurisdiction over the instant action under these statutes.

Second, while Plaintiff's Complaint includes references to several federal statutes and her constitutional rights, Plaintiff's Complaint alleges five causes of action, none of which present a federal question: (1) fraud; (2) wrongful foreclosure; (3) theft by deception and *cremin falsi*, (4) slander of tile, fraudulent conversion; and (5) quiet title. Plaintiff's claims sound only in state law causes of action, and the Court cannot exercise federal question jurisdiction based solely on Plaintiff's vague references to federal statutes or constitutional rights. *See Miccosukee Tribe of*

*Indians of Fl. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010) (noting that to satisfy federal question subject matter jurisdiction, a plaintiff's complaint "must claim a right to recover under the Constitution and laws of the United States" and "a mere incantation that the cause of action involves a federal question is not always sufficient" (quoting *Bell v. Hood,* 327 U.S. 678, 681 (1946) and *Murphy v. Inexco Oil Co.,* 611 F.2d 570, 573 (5th Cir. 1980))).

Third, the allegations in the Complaint preclude the Court from exercising diversity jurisdiction. Plaintiff is a resident of Florida (*id.* ¶ 18) and alleges that several defendants are Florida corporations (*id.* ¶¶ 19-23). The diversity jurisdiction statute applies to actions between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Here, the Court lacks subject matter jurisdiction based on diversity because there is not complete diversity between the parties to this action. *See Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1302 (S.D. Fla. 2016) (dismissing for lack of diversity jurisdiction).

Fourth, Plaintiff appears to be seeking similar relief in state court in an action involving the same parties, *see* Broward County Case No. CACE18017799. Courts may take judicial notice of public records, such as a pleading filed in another court – but only to establish what those documents contain, not the veracity of their contents. *Universal Express, Inc. v. U.S. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (judicial notice of public records, such as court filings, is proper); *Klopfenstein v. Deutsche Bank Sec., Inc.*, 592 F. App'x 812, 816 n.5 (11th Cir. 2014) (same); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (court may take judicial notice of public filings "for the purpose of determining what statements the documents

contain and not to prove the truth of the documents' contents"); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation). Thus, even if Plaintiff had established a basis for federal jurisdiction in this case, abstention pursuant to the *Colorado River* doctrine would apply. "*Colorado River* addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." *Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). The *Colorado River* doctrine speaks equally to declining or staying consideration of a case. *See*, *e.g.*, *Fla. Dep't of Fin. Servs. v. Midwest Merger Mgmt., LLC*, 2008 WL 3259045, at *5 (N.D. Fla. Aug. 6, 2008).

As a result, despite the Court's previous observations regarding the deficiencies in the virtually identical complaint filed in the First Case, Plaintiff has again failed to set forth an adequate basis upon the facts alleged for the Court to exercise jurisdiction in this case. Therefore, amendment would be futile and the Court need not permit Plaintiff the opportunity to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *see also Rance v. Winn*, 287 F. App'x 840, 842 (11th Cir. 2008) (affirming dismissal of *pro se* complaint without leave to amend, where plaintiff did not request leave to amend and amendment was futile).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, ECF No. [1], is **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**;

2. All pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;

3. The Clerk of Court is directed to **CLOSE** this case.

Case No. 18-cv-61917-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of September, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Marie Suzie Fortune
16316 SW 26th
Miramar, FL 33027